BRISCOE, Circuit Judge,
concurring and dissenting.
I concur in Parts I, II, and III of the majority opinion. In particular, I agree that the district court erred in dismissing some of Rutherford’s claims due to his failure to pay filing fees, and in granting summary judgment in favor of Dr. Cabling on Rutherford’s claims of deliberate indifference and retaliation. I disagree, however, with the portion of Part IV of the *903 majority opinion that discusses and ultimately gives life to allegations set forth in Rutherford’s April 20, 2001, motion to amend, and in his July 30, 2001, letter to the district court and accompanying “affidavit.” For the reasons outlined below, I believe that the applicable standard of review and Rutherford’s failure to file an amended complaint as directed by the district court require us to look only to the claims asserted in Rutherford’s original complaint.
I.
Rutherford filed his original complaint on December 5, 2000. Among the defendants listed in the caption were a “John Doe” employed at the Fremont Correctional Facility (FCF) and the “staff of FMCC” (Four Mile Correctional Center). ROA, Doc. 3 at 1. The body of the complaint vaguely suggested that the reference in the caption to “John Doe” was intended to include a “Doctor, NP [presumably nurse practitioner] and PA [presumably physician’s assistant].” Id. at 7. With respect to these unnamed persons at FCF, the complaint alleged that (1) “th[e] facility allowed [Rutherford]’s authorization number (for specialist) to expire,” (2) “FCF medical” “ignored and denied” “some orders” written by the specialist who eventually saw Rutherford, (3) Rutherford’s request for a second mattress prescribed by the specialist was denied because “of a disagreement between DOC and the medical department” as to who should pay for it, and (4) the medical staff at FCF incorrectly informed plaintiff, in response to his request for pain medication, that his prescription for “Nueronton”[1] was considered a pain medication. Id. With respect to the “staff of FMCC,” the body of the complaint alleged that the staff failed to properly order his interferon medication and thereby caused him to miss scheduled treatments. Id. at 7,11. Finally, there were vague assertions in the body of the complaint that, while housed at FCF, he received sporadic interferon treatment during a 30-day period while in segregation, and that unnamed personnel removed from his cell a drug prescribed for treatment of Hepatitis C, Ribavirin, and thereafter required him to receive this medication from the FCF medical staff. Id. at 13-14.
On April 20, 2001, Rutherford filed a motion for leave to amend his complaint. Id., Doc. 29. The motion specifically sought leave to add the medical staff at the Arkansas Valley Correctional Facility (AVCF) as a defendant. Id. at 1. The motion also, in rambling fashion, alleged that (1) the medical staff at AVCF failed to see him for a period of over one week after he was initially transferred to AVCF, (2) his medically-assigned mattress “was removed, placed back on the transport bus and taken to some unknown facility,” (3) “[h]e was denied a permit for a second mattress until this previous mattress could be found and returned,” (4) “[h]e was denied a permit for his button-up shirts, which were assigned for a pinched nerve in his neck,” (5) “[h]e was denied snacks to counter his ‘hypoglycemia,’” (6) the medical staff at AVCF charged him for medical services that he believed he should have received for free, and (7) the medical staff at AVCF required him to make separate appointments for separate medical problems and charged him for each appointment. Id. at 2. Finally, the motion contained what appeared to be additional assertions against a non-medical employee at FCF named “Duane.” In particular, the motion alleged that on some unspecified date, Ruth *904 erford sought medical attention at FCF and was informed by “Duane” that he would not be seen and would in fact be placed in segregation if he did not leave the medical clinic. Id. at 3.
On June 11, 2001, the magistrate judge conducted a status and scheduling hearing and granted Rutherford’s motion, giving him until July 2, 2001, to file an amended complaint. Id., Docs. 42 and 43. On July 2, 2001, Rutherford filed a two-page pleading captioned “Motion to Amend.” Id., Doc. 44. The motion asked the district court to amend the caption of the original complaint to include the AVCF and FCF medical staffs as defendants, and to amend the “Damages” section of the original complaint in several respects, including assertion of a claim against the AVCF medical staff for “Retaliation” in the amount of $50,000.00. Id. Significantly, however, the motion was silent with respect to the specific allegations Rutherford sought to assert against these defendants. There was also no mention of “Duane,” the FCF employee referred to in Rutherford’s April 20, 2001, motion for leave to amend.
Rutherford addressed a lengthy handwritten letter to the district judge overseeing the case. The bulk of the letter was under the sub-heading of “Affidavit” and the letter was filed by the district court’s clerk’s office as a pleading on July 30, 2001. Id., Doc. 52. In the letter, Rutherford alleged, in pertinent part, that after being returned to FCF following surgery, his egg-crate mattress and cane were taken, he was assaulted by the employee who took his cane, and his pain medication ceased. Rutherford also alleged that he had filed numerous “medical kites” with the AVCF medical staff but had not been seen by a physician. At the conclusion of the letter, Rutherford asked for various forms of injunctive relief (e.g., ordering that all pain medications be immediately reissued).
On October 5, 2001, the magistrate judge issued an order addressing several pending matters, including “the purported amendments to plaintiffs complaint.” Id., Doc. 69 at 1. Reviewing Rutherford’s July 2, 2001, “Motion to Amend,” the magistrate judge noted:
Plaintiff does not allege any facts in support of his claims against the new defendants. None of the claims identified in the April 20, 2001 Motion for Leave to Amend are included in the purported amended pleading filed on July 2, 2001.
Under 28 U.S.C. § 1915A, the court screens pleadings filed by a pro se prisoner to determine whether they are frivolous or fail to state a claim upon which relief can be granted. The court finds that plaintiffs July 2, 2001 amendment fails to state any claims for relief against the new defendants. Further, it is not clear whether plaintiff intends for his amended complaint to include the claims identified in his April 20, 2001 Motion to Amend. Because plaintiff is pro se, the court will give him an opportunity to cure the deficiencies in his amendment.
Id. at 3-4. Accordingly, the magistrate judge ordered
that on or before November 9, 2001, plaintiff shall file a pleading titled “Amended Complaint” which names all defendants and contains factual allegations to support the asserted claims for relief against each of the defendants. Plaintiff shall also specify his requested relief against each defendant. No further amendments will be allowed.
Id. at 4. Although Rutherford continued to file numerous pleadings in the case, including a motion to clarify other portions of the magistrate judge’s October 5, 2001, order, id., Doc. 72, he failed to file an *905 amended complaint as directed by the magistrate judge.[2]
On April 16, 2002, the magistrate judge issued a written recommendation addressing the defendants’ dispositive motion. The magistrate judge outlined in detail the history of Rutherford’s attempts to amend his original complaint and noted that Rutherford had failed, as directed, to file an amended complaint on or before November 9, 2001. In light of Rutherford’s failure “to comply with the court’s October 5, 2001 Order to file an amended complaint,” the magistrate judge concluded that the “AVCF Med. Staff” and the “Med. Staff of FMCC should be dismissed because the[se] DOC departments are absolutely immune from damages liability and plaintiff has not alleged any factual allegations to show that individual staff members in those DOC departments personally participated in a violation of plaintiff’s constitutional rights.” Id. at 15-16. As for the medical staff at FCF, the magistrate judge looked to the allegations in Rutherford’s original complaint and concluded that Rutherford had asserted a colorable Eighth Amendment claim for denial of interferon treatment while in segregation (but had not alleged a colorable Eighth Amendment claim based upon the removal of Ribavirin from his cell). Id. at 16. As for “John Doe (doctor, NP and PA)” at FCF, the magistrate judge concluded that Rutherford’s original complaint stated a colorable Eighth Amendment claim for denial of an extra mattress as prescribed by his specialist.[3] Id. In a subsequent recommendation issued on April 23, 2002, the magistrate judge recommended dismissing the two colorable Eighth Amendment claims due to Rutherford’s failure to pay the requisite filing fee. Id., Doc. 134.
On May 7, 2002, Rutherford filed a motion to disqualify the magistrate judge and objections to the magistrate judge’s April 16, 2002, recommendation. Id., Doc. 140. Although Rutherford obviously disagreed with the magistrate judge’s proposed disposition of his claims, he offered no justification for his failure to abide by the magistrate judge’s directive to file an amended complaint. Indeed, his pleading was silent with respect to that procedural aspect of the ease. Further, Rutherford made no attempt to flesh out his claims against the various medical staffs. At most, Rutherford made vague references to a mattress being taken from him at AVCF and to the FMCC medical staff’s failure to properly order his interferon treatments.
On May 29, 2002, the district court adopted the magistrate judge’s recommendation. Id., Doc. 145. Accordingly, the district court in pertinent part dismissed Rutherford’s claims against the medical *906 staffs of FMCC and AVCF “for lack of subject matter jurisdiction” and “failure to state a claim on which relief c[ould] be granted.” Id. at 4. As for the two color-able Eighth Amendment claims asserted by Rutherford against the John Doe staff members at FCF who denied his interferon treatment and use of a prescribed mattress, the district court dismissed those claims without prejudice due to Rutherford’s failure to pay the requisite filing fee. Id. at 4-5.
II.
As the majority correctly notes at the outset of Section IV of its opinion, we are required to “liberally construe the allegations of a pro se eomplaint[,] ... [and] in deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint.” Maj. Op. at 900 (quoting Oxendine v. Kaplan, 241 F.3d 1272, 1275 (10th Cir.2001)). After stating the applicable standard, the majority, in my view, then proceeds to misapply the standard. Under the guise of liberally construing a pro se litigant’s pleadings, the majority ignores the directive to focus on the allegations in the complaint and instead chooses to focus on vague allegations set forth in Rutherford’s April 20, 2001, motion for leave to amend his complaint and in his July 30, 2001, letter and “affidavit.” Although I question the propriety of doing so even in a routine case, the failure to focus on the allegations in Rutherford’s complaint is made more egregious in this case in light of Rutherford’s failure to comply with the magistrate judge’s October 5, 2001, order to file an amended complaint outlining his claims against each defendant. Given Rutherford’s failure, I believe it was proper for the magistrate judge to look only to the allegations in his original complaint rather than, as the majority does here, to “grope through ... pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved ... in order to determine the grounds for the ... complaint.” Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1281 at 522 (2d ed. 1990) (internal quotations omitted). The majority ignores the requirements of Federal Rule of Civil Procedure 8(a) (“A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim”), assumes the role of advocate by constructing Rutherford’s claims for him, see Peterson v. Shanks, 149 F.3d 1140, 1143 (10th Cir.1998) (“[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.”), and subjects the defendants and the district court to a new round of litigation on “claims” that were nowhere to be found in Rutherford’s original complaint.
Because I believe that Rutherford is limited to the claims set forth in his original complaint, I disagree with the majority’s decision to recognize and “remand” any “claims” against the medical staffs of AVCF, FCF, or FMCC, or any “John Doe” members thereof, that were contained in pleadings other than the original complaint.

. Rutherford presumably meant to refer to the prescription drug Neurontin.

. In its order and judgment, the majority correctly notes that Rutherford filed a "Motion Seeking Enlargement of Time." ROA, Doc. 79. Curiously, however, the majority suggests the motion sought "an enlargement of time in which to address all of the magistrate judge's October 5 rulings.” Maj. Op. at 901-902. I disagree with this interpretation of the motion. Notably, the motion does not mention the magistrate judge’s directive to file an amended complaint. Instead, the motion focuses exclusively on defendants’ alleged failure to provide Rutherford with a complete copy of his medical records, and the impact of that alleged failure on Rutherford’s ability to respond to defendants' dispositive motion. In any event, it is clear from reviewing the record that the magistrate judge did not extend the November 9, 2001, deadline for filing an amended complaint.

. The magistrate judge apparently overlooked the remaining allegations in the original complaint against these defendants (i.e., that defendants allowed Rutherford’s authorization number for a specialist to expire, ignored and denied some orders issued by Rutherford’s specialist, and improperly utilized the drug “Nueronton” for management of Rutherford’s back pain).